JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
JL SEAN SLATTERY (SBN: 210965)
E-mail: sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone: (858) 793-6244
Facsimile:  (858) 793-6005

Attorneys for Plaintiff: DAVID PAZ, an individual and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AG ADRIANO GOLDSCHMIED, INC., a California corporation; NORDSTROM, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. '14CV1372 DMS DHB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>(1)  VIOLATION OF CONSUMERS LEGAL REMEDIES ACT (CALIFORNIA CIVIL CODE SECTION 1750 ET SEQ.);<br><br>(2)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ*. (CALIFORNIA UNFAIR COMPETITION LAW); AND<br><br>(3)  VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17533.7 (CALIFORNIA FALSE "MADE IN USA" CLAIM).<br><br>**DEMAND FOR JURY TRIAL**<br>**[FRCP 38]** |

1

COMPLAINT

COMES NOW, plaintiff DAVID PAZ ("Plaintiff"), as an individual and on behalf of the general public and all others similarly situated, by his undersigned attorneys, alleges as follows:

## NATURE OF THE CASE

1. This is a putative class action case brought on behalf of all purchasers of AG Adriano Goldschmied, Inc. apparel products manufactured, distributed, marketed, and/or sold by defendants AG Adriano Goldschmied, Inc. ("AGAG") and Nordstrom, Inc. ("Nordstrom") in California. AGAG, Nordstrom, and the DOE defendants are collectively hereinafter referred to as the "Defendants." Through an unlawful, deceptive and unfair course of conduct, Defendants manufactured, marketed, and/or sold to California consumers a variety of AGAG apparel products with the false designation and representation that the AGAG apparel was "Made in U.S.A."

2. The "Made in U.S.A." claim is prominently printed on the apparel products themselves.[1] However, the offending apparel products are substantially made, manufactured or produced from <u>component parts</u> that are manufactured outside of the United States in violation of California law and/or federal law.

3. On information and belief, major components of the apparel products, including but not limited to the fabric, thread, buttons, subcomponents of the zipper assembly, and/or rivets are manufactured *outside the United States*.

## PARTIES

4. Plaintiff is an individual residing in San Diego, California.

5. Defendant AG Adriano Goldschmied, Inc. ("AGAG") is a corporation that is organized and exists under the laws of the State of California. AGAG may be served with process in this matter by serving its registered agent for service of

---

[1] Plaintiff intends to seek class wide relief on behalf of all California purchasers of <u>any</u> AGAG apparel product that was labeled as "Made in U.S.A." but incorporated foreign-made component parts in violation of California and/or federal law – not just the specific brand of men's jeans purchased by Plaintiff.

process as follows:  John Hur, 2700 Sequoia Drive, South Gate, CA 90280.

6.     AGAG is a leading designer and manufacturer of men's and women's denim jean products.  On information and belief, AGAG sells jeans, shorts, skirts and dresses, maternity wear, knits, woven, sweaters, and jackets for women; and jeans, shorts, knits, woven, sweaters, and jackets, as well as fabrics for men.  AGAG sells its products through its own stores, online, and through high-end retailers such as Nordstrom, Inc.  It has retail store locations in Atlantic City, Miami, Beverly Hills, Costa Mesa, San Francisco, New York, St. Louis, and Tokyo.  One of the products AGAG manufacturers and sells to California retailers is THE PROTÉGÉ brand jean purchased by Plaintiff at a San Diego Nordstrom store on or about May 16, 2014.

7.     Defendant NORDSTROM, INC. (hereinafter "Nordstrom" or "Defendant") is a Washington corporation doing business under and by virtue of the laws of the State of California.  Nordstrom's principal place of business is 1700 Seventh Avenue, Seattle, WA 98101.  Nordstrom may be served with process in this matter by serving its California registered agent for service of process, CT Corporation System, 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017.

8.     On information and belief, Nordstrom is a fashion specialty retailer that offers apparel, shoes, cosmetics, and accessories for women, men, and children in the United States.  THE PROTÉGÉ brand jean was purchased by Plaintiff at a Nordstrom retail store.

9.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources or other assistance.  Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes that all defendants were agents, servants and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to CAFA because the amount in controversy in this matter exceeds $5,000,000.00 as to all Class Members, inclusive of attorneys' fees and costs, and injunctive relief. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

12. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs 1 through 12, inclusive, of this complaint as though fully set forth herein.

14. Defendants manufacture, market, and/or sell AGAG apparel products that have printed on the product itself and the product packaging that the products are "Made in U.S.A."

15. Contrary to the representation, the AGAG apparel products are substantially and/or partially made, manufactured or produced with <u>component parts</u> that are manufactured outside of the United States. Based upon information and belief, the foreign component parts included in THE PROTÉGÉ jeans (and presumably all other offending AGAG apparel products) are the fabric, thread, buttons, rivets, and/or certain subcomponents of the zipper assembly. For other models of jeans, Plaintiff is informed and believes that the fabric, thread, buttons, rivets, and/or certain subcomponents of the zipper assembly are made outside of the United States as well.

16. Defendants market, and continue to market, and represent to the general public that its AGAG apparel products are "Made in U.S.A." In addition, Defendants fraudulently concealed the material facts at issue herein by failing to disclose 100% of the truth to the California general public regarding the country of origin of AGAG apparel products. The disclosure of this information was necessary in order to make Defendants' representation not misleading. Defendants possess superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

17. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

18. Consumers generally believe that "Made in U.S.A." products are higher quality than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendants' products at inflated prices. On information and belief, and during the entirety of the relevant four-year statutory time period, Defendants charged excess monies for AGAG apparel products, in comparison to their competitors, based on the false "Made in U.S.A." designation. California and federal laws are designed to protect consumers from this type of false representation and predatory conduct. Defendants' scheme to defraud consumers is ongoing and will victimize consumers each and every day until altered by judicial intervention.

**THE PLAINTIFF TRANSACTION**

19. On or about May 16, 2014, Plaintiff purchased THE PROTÉGÉ brand jeans at a Nordstrom store in San Diego. At the time of purchase, the product

itself was marked with a "Made in U.S.A." country of origin designation when the product actually contains component parts made outside of the United States. Accordingly, Defendants are not entitled to lawfully make a "Made in U.S.A." representation on the product.

20. In each case when Plaintiff, and Class Members, purchased a Class Product[2], they relied upon Defendants' "Made in U.S.A." representation in their purchasing decision, which is typical of most U.S. consumers, and they were deceived as a result of Defendants' actions. These purchasing decisions were supported by the "Made in U.S.A." representation made by Defendants, which is absent from most of Defendants' competitors. Plaintiff believed at the time he purchased THE PROTÉGÉ that he was supporting U.S. jobs and the U.S. economy.

21. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "MADE IN USA" claims set forth on THE PROTÉGÉ. Furthermore, he suffered an "injury in fact" by paying for something he believed was genuinely manufactured in the USA, when it was not.

22. U.S. made component parts are subject to strict regulatory requirements, such as environmental, labor, and safety standards. Foreign made component parts are not subject to the same U.S. manufacturing standards and are often inherently of lower quality than their U.S. made counterparts. Foreign made component parts are also routinely less reliable and durable than their U.S. made counterparts. As such, THE PROTÉGÉ is of inferior quality due to AGAG's decision to include foreign made component parts within.

---

[2] The term "Class Products" is defined as any AGAG manufactured or labeled product that was sold in California during the past four years with a "Made in U.S.A" or equivalent country of origin label but that incorporated foreign-made component parts.

23. As such, the offending AGAG apparel products, made with foreign-made component parts, are of inferior quality, less reliable, and fail more often than if the product was truly made from 100% American made component parts. Essentially, THE PROTÉGÉ is not worth the purchase price paid. The precise amount of damages will be proven at time of trial, in large part, by expert testimony.

24. Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "Made in U.S.A." representations that are at issue in this litigation.

## CLASS ALLEGATIONS

25. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 24, inclusive, of this complaint as though fully set forth herein.

26. Plaintiff brings this action, as set forth below, against Defendants, pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), individually and on behalf of a class consisting of all persons in the United States who purchased one or more of Defendants' AGAG apparel products during the relevant four-year statutory time period that bore a "Made in U.S.A." country of origin designation but that contained foreign-made component parts (the "Class"). Excluded from the Class are the Court and its employees; Defendants; any parent, subsidiary, or affiliate of Defendants; and all employees and directors who are or have been employed by Defendants during the relevant time period.

**Definition of the Subclass**

27. Subclass members are all of Defendants' California customers who purchased AGAG apparel products that were labeled as "MADE IN U.S.A. OF IMPORTED FABRIC" that contained foreign-made component parts beyond the

fabric (e.g., rivets, thread, buttons, and/or subcomponents of the zipper assembly) during the relevant four-year statutory time period (hereinafter the "Sub-Class Products").

**Class Action Requirements**

28. The numerosity requirement of Fed. R. Civ. P. 23(a)(1) is satisfied for each of the foregoing Classes because the members of each Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiff currently believes that there are at hundreds of thousands of members of each Class located in the State of California.

29. Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

    a. whether Defendants participated in, or committed the wrongful conduct alleged herein;

    b. whether Defendants' acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c. whether the members of the Class and the Sub-Class sustained and/or continue to sustain damages by reason of Defendants' conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

    f. whether the members of the Class and the Sub-Class are entitled to injunctive or other equitable relief.

30. Plaintiff's claims are typical of the claims of all other members of the Class and the Sub-Class and involve the same violations of law by Defendants as other Class members' claims. Plaintiff and members of the Class and Sub-Class also sustained damages arising out of Defendants' common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirements of Fed. R. Civ. P. 23(a)(3) with respect to the Class and Sub-Class.

31. Plaintiff will fairly and adequately protect the interests of the other members of the Class and Sub-Class, and has no interests that are antagonistic to or which conflict with those of the other members of those Classes. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent themselves and the other members of the Class and Sub-Class; as such, the requirements of Rule 23(a)(4) are satisfied.

32. Absent a representative class action, members of the Class and the Sub-Class would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. The proposed Class, and, respectively, the members of the Sub-Class, thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

33. Defendants has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, and, respectively, the members of the Sub-Class, thereby rendering class certification and injunctive relief with respect to the Class as a whole and the Sub-Class appropriate. Certification under Fed. R. Civ. P. 23(b)(2) is proper in this regard.

34. As discussed above, numerous common questions of fact and law exist. These questions predominate over the individual questions presented in this action. The predominance requirement of Rule 23(b)(3) is thus satisfied.

35. A class action is the superior method for the fair and efficient adjudication of this controversy, because joinder of all members of the Class, and, respectively, the Sub-Class, is impracticable. Because the damages suffered by

individual members of the Class, and, respectively, the Sub-Class, may be relatively small, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them.  Where, as here, the size and nature of individual Class members' claims would allow few, if any, members of those Classes to seek legal redress against Defendants for the wrongs complained of herein, a representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues in this action creates no significant problems of manageability. The superiority and manageability requirements of Rule 23(b)(3) are thus satisfied.

## FIRST CLAIM FOR RELIEF

### (Violation of California Consumers Legal Remedies Act Against All Defendants)

36.   Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 35, inclusive, of this complaint as though fully set forth herein.

37.   California Civil Code Section 1750 *et seq.* (entitled the Consumers Legal Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."  The Legislature's intent in promulgating the Consumers Legal Remedies Act is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> [C]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

38.   Defendant's AGAG apparel products constituted "goods" as defined in Civil Code Section 1761(a).

39. Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code Section 1761(d).

40. Each of Plaintiff's purchases of Defendant's AGAG apparel products constituted a "transaction" as defined in Civil Code Section 1761(e).

41. Civil Code Section 1770(a)(4) and (9) provides that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: Using deceptive representations or designations of geographic origin in connection with goods or services [and] [a]dvertising goods or services with intent not to sell them as advertised."

42. Defendant violated Civil Code Section 1770(a)(4) and (9) by marketing and representing that their AGAG apparel products are "Made in U.S.A." when they actually contain component parts that are manufactured outside of the United States.

43. It is alleged on information and belief that Defendant's violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

44. As a direct and proximate result of Defendants' violations of the Consumers Legal Remedies Act, Plaintiff and Class members are entitled to the following remedies as against Defendants: (a) a declaration that Defendants violated the Consumers Legal Remedies Act, and (b) an injunction preventing Defendants' unlawful actions.

45. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "Made in U.S.A." claims set forth on the AGAG apparel products.

46. Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "MADE IN USA" representations that are at issue in this litigation.

## SECOND CLAIM FOR RELIEF

(**Violation of Business & Prof. Code Section 17200 *Et Seq*. Against All Defendants**)

47. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48. Business & Professions Code section 17200 *et seq*. provides that unfair competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

49. By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200 *et seq*. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 *et seq*., by manufacturing, distributing, marketing AGAG apparel products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A." when they actually contain component parts manufactured *outside of the United States*.

50. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition that are prohibited

by Business and Professions Code section 17200 *et seq*. Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threaten an incipient violation of law or violate the policy or spirit of laws because their effects are comparable to or the same as a violation of the law by manufacturing, distributing, and marketing their AGAG apparel products with a false country of origin designation, and by violating Section 17533.7 by falsely claiming that their AGAG apparel products referenced herein are "Made in U.S.A." when they actually contain component parts manufactured outside of the United States.

51. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising AGAG apparel products with the false claim that the products referenced herein are "Made in U.S.A."

52. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices, including manufacturing, distributing, marketing, and advertising AGAG apparel products with the false claim that the products referenced herein are "Made in U.S.A.," wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoided.

53. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the

meaning of Business & Professions Code section 17200 *et seq.*, by manufacturing, distributing, marketing AGAG apparel products with a false country of origin designation and violating Section 17533.7 by falsely claiming that the products referenced herein are "Made in U.S.A."

54. Defendant engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

55. As a result of the repeated violations described herein, Defendants received and continue to receive unearned commercial benefits at the expense of their competitors and the public.

56. Defendants' unlawful, unfair and fraudulent business practices presents a continuing threat to the public in that Defendants continues to engage in unlawful conduct.

57. Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq*. Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

58. As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided their money to Defendants based on Defendants' fraudulent country of origin designation.

59. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendant's false "Made in U.S.A." claims set forth on the AGAG apparel products.

60. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this.

## THIRD CLAIM FOR RELIEF

**(Violation of Business & Professions Code § 17533.7 Against All Defendants)**

61. Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragaphs 1 through 60, inclusive, of this complaint as though fully set forth herein.

62. Business & Professions Code Section 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A." "Made in America," "U.S.A.," or similar words when the merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside of the United States. (emphasis added).

63. Defendants (both AGAG and Nordstrom) Business & Professions Code Section 17533.7 by selling and offering to sell merchandise in the State of California with the "Made in U.S.A." country of origin designation as fully set forth herein. The merchandise at issue in this case actually contains <u>component parts</u> that are manufactured outside of the United States in violation of California and federal law.

64. It is alleged on information and belief that Defendants' violations of Business & Professions Code Section 17533.7 were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did

1 these acts knowing the harm that would result to Plaintiff and that Defendants did
2 these acts notwithstanding that knowledge.

3      65.      As a direct and proximate result of Defendants' violations of Business
4 & Professions Code Section 17533.7, Plaintiff and Class members are entitled to
5 restitution of excess monies paid to Defendants by Plaintiff and Class members
6 relating to the false "Made in U.S.A." claims on Defendants' AGAG apparel
7 products.

8      66.      Plaintiff suffered an "injury in fact" because Plaintiff's money was
9 taken by Defendants as a result of Defendants' false "Made in U.S.A." claims set
10 forth on the AGAG apparel products.

11      67.      In prosecuting this action for the enforcement of important rights
12 affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which
13 is available to a prevailing plaintiff in class action cases such as this.

## PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves, collectively on behalf of the Class, and respectively on behalf of the Sub-Class, respectfully request the following relief:

1. That the Court determine that this action may be maintained as a class action by certifying this case as a California class action as to both the Class and Sub-Class;

2. That the Court certify Plaintiff to serve as a class representative in this case;

3. That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

4. That Plaintiff and each of the other members of the Class and each of the Sub-Class recover the amounts by which Defendants have been unjustly enriched;

5. That Defendants be enjoined from continuing the wrongful conduct

alleged herein and required to comply with all applicable law;

6. That Plaintiff and each of the other members of the Class and each of the Sub-Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

7. That Plaintiff and each of the other members of Class and each of the Sub-Class be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury with respect to all issues triable to a jury.

Dated: June 4, 2014                    Respectfully submitted,

DEL MAR LAW GROUP, LLP


By:/sJohn H. Donboli
John H. Donboli
E-mail: jdonboli@delmarlawgroup.com
JL Sean Slattery
E-mail: sslattery@delmarlawgroup.com
Attorneys for: DAVID PAZ, an individual and on behalf of all others similarly situated