1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| | |
|---|---|
| DAVID PAZ, an individual and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AG ADRIANO GOLDSCHMEID, INC., a California corporation, et al.,<br><br>Defendants. | CASE NO. 14cv1372 DMS (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

16      This case comes before the Court on Plaintiff's motion for preliminary approval

17  of class action settlement.  Defendant did not file an opposition to the motion, and also

18  did not file a notice of non-opposition, as required by Civil Local Rule 7.1.f.3.a.  After

19  reviewing the motion, the Court requested supplemental briefing from Plaintiff, which

20  he has now submitted.  After reviewing the supplemental brief, and for the reasons set

21  out below, the Court grants Plaintiff's motion.

22

**I.**

23

**BACKGROUND**

24      This putative class action case concerns the sale and marketing of Defendant

25  AG's products.  AG is a designer and manufacturer of denim jeans products for men

26  and women.  (Compl. ¶ 6.)  It sells its products through its own retail stores, online and

27  through other high end retailers such as Defendant Nordstrom.  (*Id.*)

28  / / /

One of AG's products is "The Protégé" brand jean. (*Id.*) This product, like many of AG's other products, is marked with a "Made in the U.S.A." label. (*Id.* ¶ 19.) Plaintiff David Paz alleges that on May 16, 2014, he purchased a pair of "The Protégé" brand jeans at a Nordstrom store in San Diego, California. (*Id.*) Plaintiff alleges he relied on the "Made in the U.S.A." label when purchasing the jeans, and that he "believed at the time he purchased THE PROTÉGÉ that he was supporting U.S. jobs and the U.S. economy." (*Id.* ¶ 20.)

Despite the "Made in the U.S.A." label, Plaintiff alleges the jeans "actually contain[ ] component parts made outside of the United States." (*Id.*) Specifically, he alleges the fabric, thread, buttons, rivets, and/or certain subcomponents of the zipper assembly of the jeans (and presumably all other offending AGAG apparel products) are manufactured outside the United States. (*Id.* ¶ 15.)

In light of this alleged disparity, Plaintiff filed the present case on behalf of "all persons in the United States who purchased one or more of Defendants' AGAG apparel products during the relevant four-year statutory time period that bore a 'Made in the U.S.A.' country of origin designation but that contained foreign-made component parts[.]" (*Id.* ¶ 26.) He also alleges claims on behalf of a subclass of "all of Defendants' California customers who purchased AGAG apparel products that were labeled as 'Made in the U.S.A. OF IMPORTED FABRIC' that contained foreign-made component parts beyond the fabric (e.g., rivets, thread, buttons, and/or subcomponents of the zipper assembly) during the relevant four-year statutory time period[.]" (*Id.* ¶ 27.) In the Complaint, Plaintiff alleges the following claims for relief: (1) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*, (2) violation of California's Unfair Business Practices Act, California Business and Professions Code § 17200, *et seq.* and (3) violation of California Business and Professions Code § 17533.7.

On September 25, 2015, Plaintiff filed a Notice of Settlement. (Decl. of John Donboli in Supp. of Mot., Ex. 1.) The terms of that Settlement are as follows:

Defendant AG has agreed to provide "Qualifying Claimants"[1] with either (1) a $20 Promotional Code per product purchased, which can be used toward the purchase of any product available on www.agjeans.com, or (2) a pair of AG pants of AG's selection. (*Id.* at 10-11.)  Defendant AG has also agreed to revise the labels on its products to address the concerns raised in this case.  (*Id.* at 11-12.)  Pursuant to the Settlement, Plaintiff's counsel will move for an award of attorneys fees of no more than $175,000, and for an incentive award to Plaintiff of no more than $5,000.  (*Id.* at 17.)  Although Plaintiff sought certification of a nationwide class in the Complaint, the Settlement defines the "Settlement Class" as "all California persons who made a Qualifying Transaction."[2]  (*Id.* at 8.)

The notice provision of the Settlement is as follows: The proposed Claim Administrator will arrange for publication of the Notice of Settlement in publications that adequately cover consumers of Defendant AG's products.  Defendants AG and Nordstrom will each post a link to the Settlement on their respective websites.  To the extent Defendant AG has any customer information in its records, it will provide that information to the Claim Administrator, who will then mail notice of the Settlement to those customers.  Within twenty (20) days of the notice being provided, the Claim Administrator will activate a Settlement Website where class members can receive more detailed information about the settlement, including claim forms.

/ / /

/ / /

/ / /

---

[1]   "'Qualifying Claimant' means a Class Member who submits a timely, completed, and fully executed Claim Form, indicating that he or she engaged in a Qualifying Transaction, and whose claim is not rejected by the Claims Administrator and is not disputed by the Claims Administrator under the procedures set forth in Section F" of the Settlement.  (*Id.* at 8.)

[2]  "Qualifying Transaction" is defined as "a purchase in California of an AGAG-brand Product that was sold with a "MADE IN USA," "MADE IN THE USA," or "MADE IN USA OF IMPORTED FABRIC" label during the Class Period for non-commercial use but that contains one or more foreign-made component parts that were not disclosed on the label."  (*Id.*)

1

2

## II.

### DISCUSSION

"Because class actions present the risk that the named parties will negotiate a bad deal for the absent members of the class, the Federal Rules of Civil Procedure require that any settlement that binds class members must be approved by a court." *Relente v. Viator, Inc.*, No. 12-cv-05868-JD, 2014 U.S. Dist. LEXIS 160350, at *5 (N.D. Cal. Nov. 14, 2014). "The Court's approval involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Id.*

Preliminary approval of the settlement "requires conditionally approving the class[.]" *Id.* at *6. *See also Carr v. Tadin, Inc.*, No. 12-cv-3040 JLS (JMA), 2014 U.S. Dist. LEXIS 179835, at *3-4 (S.D. Cal. Apr. 18, 2014) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997)) ("Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified.") The court must also "make a preliminary determination as to whether the proposed settlement is 'fair, reasonable, and adequate' pursuant to" Federal Rule of Civil Procedure 23(e)(2). *Id.* at *13. When the parties reach a settlement prior to formal class certification, as they did in this case, "settlement approval requires a 'higher standard of fairness.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012). "The reason for more exacting review of class settlements reached before formal class certification is to ensure that class representatives and their counsel do not secure a disproportionate benefit 'at the expense of the unnamed plaintiffs who class counsel has a duty to represent.'" *Id.* Also, "[t]he dangers of collusion between class counsel and the defendant . . . weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1997).

/ / /

**A.      Preliminary Class Certification**

As stated above, "[i]n order to obtain preliminary approval, the parties must demonstrate that the class action meets the requirements of Rule 23." *Boyd v. Avanquest N. Am., Inc.*, No. 12-cv-04391-WHO, 2015 U.S. Dist. LEXIS 93458, at *5 (N.D. Cal. July 17, 2015) (citing *Amchem*, 521 U.S. at 614).   In this case, Plaintiff moves for preliminary class certification under Rules 23(a) and (b)(3).

Federal Rule of Civil Procedure 23(a) sets out four requirements for class certification.  Those requirements are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)  Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

    1.      Federal Rule of Civil Procedure 23(a)

Turning to the first requirement of Rule 23(a), numerosity, Plaintiff asserts this requirement is met because Defendant AGAG sold approximately 1 million class products in California during the class period.  (Mem. of P. & A. in Supp. of Mot. at 5.) These alleged sale numbers are sufficient to meet Plaintiff's preliminary showing of numerosity.

The second requirement is commonality.  This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]"  *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 389 (2011).  As summarized by the Supreme Court:

> What matters to class certification ... is not the raising of common "questions" – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*ld.* at 390 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2009)).

Here, Plaintiff asserts the commonality requirement is satisfied because the claims of all class members arise from the same facts, namely the purchase of AGAG jeans that contained foreign-made component parts but were labeled "Made in the U.S.A." He also stated the claims raise common legal questions, namely whether Defendant's labeling violated the relevant California statutes. The answer to these legal questions is common to all the class members, and satisfies Plaintiff's preliminary showing of commonality.

The next requirement is typicality, which focuses on the relationship of facts and issues between the class and its representatives. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, Plaintiff asserts his claims are typical of the other class members because they are based on the same facts and the same legal theories. The Court agrees, and thus finds that Plaintiff has made a preliminary showing of typicality.

The fourth and final requirement under Rule 23(a) is adequacy. This requirement asks whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon,* 150 F.3d at 1020 (citing *Hansberry* v. *Lee,* 311 U.S. 32, 42-43 (1940)). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel

prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill* v. *lnflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978)).  The named plaintiffs and their counsel must have sufficient "zeal and competence" to protect the interests of the rest of the class. *Fendler* v. *Westgate-California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975).

Here, Plaintiff asserts he and his counsel have no conflicts with the other class members.  The Court agrees there are no apparent conflicts.  Plaintiff also argues he and his counsel will prosecute this case vigorously on behalf of the class, and the Court agrees with that, also.  Plaintiff and his counsel mounted a successful opposition to Defendants' motion to dismiss and negotiated the present settlement.  Under these circumstances, Plaintiff has shown that the adequacy requirement is preliminarily satisfied.[3]

### 2.    Federal Rule of Civil Procedure 23(b)(3)

Having made a preliminary showing on the requirements of Rule 23(a), the next issue is whether Plaintiff has shown that the requirements of Rule 23(b)(3) are met. *Amchem,* 521 U.S. at 614-15.  Certification under Rule 23(b)(3) is proper "whenever the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon,* 150 F.3d at 1022 (internal quotations omitted).  Rule 23(b)(3), as discussed, calls for two separate inquiries: (1) do issues of fact or law common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).  In adding the requirements of predominance and superiority to the qualifications for class certification, "the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decisions as to persons similarly situated,

---

[3]    A corollary requirement for class certification is ascertainability. Ascertainability looks to whether the class is sufficiently definite or adequately defined. *Turcios v. Carma Labs, Inc.*, 296 F.R.D. 638, 645 (C.D. Cal. 2014).  That requirement is met in this case.

1  without sacrificing procedural fairness or bringing about other undesirable results.'"

2  *Amchem,* 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3) advisory committee notes).

3       Here, Plaintiff argues the predominance requirement is satisfied because

4  Defendant engaged in the same conduct, namely labeling its products as "Made in the

5  U.S.A." despite the inclusion of foreign made component parts. This conduct is at the

6  crux of this case, and is likely to predominate over any individual issues. Thus,

7  Plaintiff has made a preliminary showing of predominance under Rule 23(b)(3).

8       Turning to the superiority requirement, Rule 23(b)(3) provides a list of factors

9  relevant to this requirement:

10      (A) the class members' interests in individually controlling the prosecution
    or defense of separate actions;

11

12      (B) the extent and nature of any litigation concerning the controversy
    already begun by or against class members;

13      (C) the desirability or undesirability of concentrating the litigation of the
    claims in the particular forum; and

14

15      (D) the likely difficulties in managing a class action.

16  Fed. R. Civ. P. 23(b)(3). This inquiry "requires the court to determine whether

17  maintenance of this litigation as a class action is efficient and whether it is fair," such

18  that the proposed class is superior to other methods for adjudicating the controversy.

19  *Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175-76 (9th Cir. 2010).

20       Plaintiff argues the class members have little interest in bringing separate actions

21  given the limited amount of any potential recovery. The Court agrees that the potential

22  recovery for each class member provides little incentive for class members to bring their

23  own individual claims. The Court also finds that the common questions in this case

24  make the class action procedure superior to the prosecution of individual cases. Thus,

25  Plaintiff has made a preliminary showing of superiority.

26  / / /

27  / / /

28  / / /

**B.     Preliminary Fairness Determination**

Having addressed the issue of preliminary certification of the class, the Court now turns to a preliminary consideration of whether the settlement is "fair, reasonable, and adequate."  This determination involves a consideration of:

> "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement."

*Boyd*, 2015 U.S. Dist. LEXIS 93458, at *5 (quoting *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 U.S. Dist. LEXIS 166704, at *5 (N.D. Cal. Nov. 21, 2012)).

Plaintiff does not address the first factor, the strength of his case.  Obviously, Plaintiff's claims were sufficiently stated to withstand Defendants' motion to dismiss.  And, Defendant AGAG admits in its Answer that the fabric used in its Protégé jeans is manufactured outside the United States, as are the rivets and buttons, which are made in Italy.  (Answer ¶ 15.)  In light of these facts, Plaintiff's case appears to be relatively strong.

The second factor looks at the risk, expense, complexity and likely duration of further litigation.  Given the facts mentioned above, there would appear to be little risk to Plaintiff in further litigation and some risk to Defendants.  Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued.  This factor, therefore, weighs in favor of preliminary approval.

The third factor, the risk of maintaining class status throughout the trial, does not appear to be great.  As discussed above, Plaintiff has made a preliminary showing that the requirements for class certification are met, and there is no argument offered for why those requirements would not be found if the litigation were to continue.

The fourth factor, the amount offered in settlement, "'is generally considered the most important, because the critical component of any settlement is the amount of relief

obtained by the class.'" *In re Celera Corp. Securities Litig.*, No. 5:10-cv-02604-EJD, 2015 U.S. Dist. LEXIS 157408, at *18 (N.D. Cal. Nov. 20, 2015) (quoting *Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 U.S. Dist. LEXIS 50416, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015)).  Here, the amount offered in settlement is difficult to determine.  Defendant has agreed to provide qualifying claimants with either a $20 promotional code good towards the purchase of any product on Defendant's website or a new pair of AGAG pants.  There is no evidence of the value of those pants, and thus it is difficult to determine the amount of relief being provided to the class.  Assuming, however, the pants are worth at least $20, and there are at least 1 million potential members of the class, the value of the settlement could be at least $20 million.

The next factor in considering whether the proposed settlement is fair, reasonable and adequate is the extent of discovery completed and the stage of the proceedings.  The parties had just entered into the discovery phase of the case when the case settled.  It is unclear how much discovery the parties had completed, but they had completed initial motions and participated in several status conferences with the Magistrate Judge.  Although the case was still in the relatively early stages, the case had progressed enough to allow for a considered evaluation of the parties' positions.  Accordingly, this factor weighs in favor of preliminary approval.

The next factor is the experience and views of counsel.  Counsel appear to be sufficiently experienced in these matters, and believe the settlement is fair, reasonable and adequate and should be preliminarily approved.  (Decl. of John Donboli in Supp. of Mot. ¶ 4.)  Therefore, this factor weighs in favor of preliminary approval.

The final two factors are the presence of a governmental participant and the reaction of class members to the proposed settlement.  There is no governmental participant in this case.  Therefore this factor is neutral.  The final factor also does not apply at this stage as the class has yet to receive notice of the settlement.

/ / /

Considering the factors discussed above, the Court finds Plaintiff has met the requirements for preliminary certification of the class and approval of the settlement.

### III.

### CONCLUSION

For the reasons set out above, the Court grants Plaintiff's motion for preliminary approval of the settlement in this case. This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement. Accordingly:

1.     The Court hereby conditionally certifies the Settlement Class for settlement purposes only. The Settlement Class is defined as follows:

> All persons in California who purchased an AG Adriano Goldschmied brand product in California between June 4, 2010 and December 31, 2015, for non-commercial use that was sold with a "Made in USA," "Made in the USA," "Made in USA of Imported Fabric" label but that contained one or more undisclosed foreign-made component parts. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of Defendants or its subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

2.     Having considered the relevant factors set forth in Rule 23, the Court has made a preliminary determination that Plaintiff David Paz and Class Counsel are adequate representatives of the Settlement Class and hereby appoints them as such solely for purposes of settlement.

3.     Pursuant to Rule 23(e), a hearing (the "Fairness Hearing") will be held before this Court at Courtroom 13A (13th Floor - Carter/Keep), Suite 1310, 333 West Broadway, San Diego, CA 92101 on **September 9, 2016**, at **1:30 p.m.**, to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate, and (b) whether a final approval order and judgment should be entered herein. The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

4.     The parties may further modify the Settlement Agreement prior to the Fairness Hearing so long as such modifications do not materially change the terms of the Settlement provided thereunder. The Court may approve the Settlement Agreement

with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

5.       After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members (as defined in the Settlement Agreement) with respect to the claims being settled.

6.       The Court hereby approves, as to form and content, the forms of notice annexed as Exhibits A and B to Settlement Agreement and the Notice Program set forth in paragraphs E.1 to E.7 of the Settlement.  The Court finds that the Notice and Short-Form Notice meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e).

7.       The Court hereby approves the procedures set forth in the Settlement Agreement, and described below, for providing notice to the proposed Settlement Class.  The Court finds that the procedures are fair, reasonable, and adequate; the best notice practicable under the circumstances; consistent with due process; and shall constitute due and sufficient notice to all persons entitled thereto.

8.       Within twenty (20) days of the date of this Order, the Court hereby directs Defendants to distribute the Notice as set forth in paragraphs E.1 to E.5 of the Settlement.  Defendant AGAG shall pay the costs of claims administration, including the costs associated with preparing, printing and disseminating to the Settlement Class the Notices as set forth in paragraphs E.1 to E.6 of the Settlement Agreement in amount not to exceed $90,000.00.

9.       At least thirty (30) days prior to the Fairness Hearing, Defendants, through their counsel of record, shall cause to be filed with the Court a sworn declaration evidencing compliance with the provisions of the Settlement Agreement as it relates to providing Notice.

/ / /

10.     Pending resolution of these settlement proceedings, no other action now pending or hereinafter filed arising out of all or any part of the subject matter of the Action shall be maintained as a class action and, except as provided by further order of the Court, for good cause shown, all persons are hereby enjoined, during the pendency of these settlement proceedings, from filing or prosecuting purported class actions against Defendants with respect to any of the Released Claims as defined in the Settlement Agreement.

11.     Upon the Settlement Effective Date, as defined in the Settlement Agreement, all members of the Settlement Class who have not opted out of the settlement shall be enjoined and barred from asserting any of the Released Claims against Defendants and the Released Parties, and each Class Member shall be deemed to release any and all such Released Claims as against Defendants and the Released Parties, as these terms are defined in the Settlement Agreement.

12.     Any Class Member may enter an appearance through counsel of such member's own choosing and at such member's own expense or may appear individually and show cause, if he or she has any facts or arguments to present, as to:  (a) why the proposed settlement of the Action as set forth in the Settlement Agreement should or should not be approved as fair, reasonable, and adequate; and (b) why the final approval order and judgment should or should not be entered on the proposed Settlement Agreement. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Final Approval Order and Judgment to be entered thereon approving the same or the fees and expenses to be awarded, unless on or before **May 3, 2016**, that person has filed with the Court and served (by hand delivery or by First Class regular U.S. mail) written objections complying with the specifications in the Notice.  Service of any objections shall be made to Class Counsel, Attn:  John H. Donboli, DEL MAR LAW GROUP, LLP, 12250 El Camino Real, Suite 120, San Diego, CA 92130, and Defendants' Counsel: Mark T. Cramer, BUCHALTER NEMER, PC, 1000 Wilshire Boulevard.,

Suite 1500, Los Angeles, CA 90017.  In addition, if a Class Member wishes to submit to the Court any brief in support of his or her objection, he or she must file the brief with the Court and serve it on both Class Counsel and Defendants' counsel no later than **May 3, 2016**.

13.    Any Class Member who does not make his or her objection in the manner provided for in this Preliminary Approval Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to or appeal of the fairness, reasonableness, or adequacy of the proposed settlement, and to the award of fees and expenses to Class Counsel and other costs, all as set forth in the Settlement Agreement and Preliminary Order.

14.    Any member of the Settlement Class may choose to exclude himself or herself from the Settlement.  Any such person who chooses to be excluded from the Settlement will not be entitled to any recovery and will not be bound by the Settlement Agreement or have any right to object, appear, or comment thereon.  Any such person who chooses to request exclusion may do so by submitting a written statement requesting exclusion from the class on or before **May 3, 2016**.  Such written request for exclusion must contain the name, address, and telephone number of the person requesting exclusion, reference the name and number of this litigation (*Paz v AG Adriano Goldschmied, Inc. et al*, United States District Court, Case No. 3:14-cv-1372-DMS-DHB), be signed personally by the person requesting exclusion, and be mailed to Class Counsel and Defendants' counsel and postmarked on or before **May 3, 2016**.

15.    Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed in this or any lawsuit as an admission or concession by Defendant of the truth of any of the allegations of the Action, or of any liability, fault, or wrongdoing of any kind, or by the named Plaintiff Paz or any other member of the Settlement Class of the merit of any defense or lack of merit of any claim.

/ / /

16.     The Court reserves the right to continue or adjourn the date of the Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

17.     Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Preliminary Approval Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary to effectuate the Settlement and the purposes of this Preliminary Approval Order.

**IT IS SO ORDERED**.

DATED:  February 29, 2016

_____
HON. DANA M. SABRAW
United States District Judge