UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PAZ, an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AG ADRIANO GOLDSCHMIED, INC., a California corporation; NORDSTROM, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. 3:14-cv-01372-DMS-DHB**<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND INJUNCTION**<br><br>Judge:     Hon. Dana M. Sabraw<br>Courtroom:   13A |

Plaintiff David Paz, both individually and on behalf of all members of the class, and Defendant AG Adriano Goldschmied, Inc. ("AGAG") through its attorneys of record, having stipulated to the entry of this Final Judgment and Injunction (the "Judgment") without the taking of proof, without trial or adjudication of any fact or law herein, without the judgment constituting evidence of or an admission by AGAG regarding any issue of fact or law alleged in the Complaint herein, and without AGAG admitting any liability, and good cause

1

FINAL JUDGMENT AND INJUNCTION

appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

This action is brought under California and federal law, and this Court has jurisdiction over the allegations and subject matter of the operative complaint on file herein.

This Court has personal jurisdiction over the parties to this action, including the Class Members (as defined below).

This Judgment has been reviewed by this Court, and this Court finds that it has been entered into in good faith and to be in all respects suitable and equitable.

The injunctive provisions of this Judgment are applicable to AGAG, including its successors in interest and the assigns of all or substantially all of the assets of their business; their directors, officers, employees, agents, managers, members, and principals (collectively, the "Enjoined Parties").

Federal Rule of Civil Procedure 23(c), the members of the Class is comprised of all persons in California who purchased a "Made in USA" or "Made in USA of Imported Fabric" labeled Class Product between June 04, 2010 to December 31, 2015 <u>and</u> who do not timely exercise his or her right to opt out of participation in the settlement (the "Class Members").

<u>Permanent Injunction</u>.  Without admitting any liability or wrongdoing whatsoever, pursuant to California Business and Professions Code Sections 17203, the Enjoined Parties, and each of them, shall be enjoined and restrained from directly or indirectly doing or performing any and all of the following acts or practices: representing, labeling, advertising, selling, offering for sale, and/or distributing any of the AGAG Class Products in the list attached to the Settlement Agreement as Exhibit G, with a "Made in USA", "Made in USA of Imported Fabric", or similar designation unless it complies with the requirements of

2

FINAL JUDGMENT AND INJUNCTION

California Business & Professions Code Section 17533.7 and the requirements of the FTC pertaining to country of origin labeling.

<u>Restitution to Class Members</u>.  Without admitting any liability or wrongdoing whatsoever, AGAG shall send to each Class Member who timely submitted a properly completed, signed claim form (received either online or by mail) that is not rejected by the Claims Administrator or Defendant, a pair of AGAG pants, valued at approximately $160.00, or a $20.00 promotional gift code, for each qualifying Class Product purchased during the Class Period.

This Court retains jurisdiction for the purpose of enabling any party to this Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Judgment, for the modification of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of violations hereof.

The parties agree to negotiate in good faith to try to resolve any disputes that may arise relating to this Judgment.  Plaintiff shall give Defendant twenty (20) days' notice before filing an application or other pleading seeking contempt of court or other sanctions for any purported violation of this Judgment.

Nothing in this Judgment shall be deemed to permit or authorize any violation of the laws, rules, or regulations of California and/or the other 49 states and the District of Columbia or otherwise be construed to relieve Defendant of any duty to comply with any applicable laws, rules, or regulations.

This Judgment is a final resolution and disposition of all those matters, claims, and causes of action alleged in the Complaint herein.  This Judgment shall have a *res judicata* effect that bars Plaintiff and all Class Members from bringing and asserting any action, claim, demand, or cause of action against Defendant, its predecessors, heirs, representatives, assigns, agents, distributors, customers,

retailers, or employees, past and present, alleging any violation of: (1) California Business & Professions Code §§ 17200, *et seq*.; (2) California Business & Professions Code § 17533.7, (3) California Civil Code § 1770 *et seq*.; and (4) any other California law arising out of their conduct related to representing, labeling, advertising, selling, offering for sale, and/or distributing AGAG apparel products with an unqualified "Made in USA", "Made in USA of Imported Fabric", or similar designation when the product or any article, unit, or part therein, was made, manufactured, or produced outside of the United States.

This Judgment shall take effect immediately upon entry thereof, without further notice to Defendant.

The Court finds that an attorneys' fees award of $175,000.00 is fair and reasonable and awards same to Class Counsel. This award shall be inclusive of Class Counsel's costs and expenses.

The Court further awards Plaintiff David Paz an incentive award of $5,000.00, which the Court finds to be fair and reasonable.

The attorneys' fees award, reimbursement of expenses, and the Plaintiff incentive award shall be paid within ten (10) business days after the date of this Judgment. If not so paid, then interest on such award, fees and expenses shall accrue from the date of this Judgment until paid at the maximum rate allowed by law.

The Clerk shall enter this Judgment forthwith.

IT IS SO ORDERED.

Dated: October 28, 2016

Hon. Dana M. Sabraw
United States District Judge